KILBARGER, Appellant,

v.

ANCHOR HOCKING GLASS COMPANY, Appellee.

[Cite as *Kilbarger v. Anchor Hocking Glass Co.* (1995), 107 Ohio App.3d 763.]

Court of Appeals of Ohio,
Fifth District, Fairfield County.

No. 95–CA–11.

Decided Dec. 14, 1995.

*Eric R. Dieterich,* for appellant.

*Thomas V. Williams,* for appellee.

GWIN, Presiding Judge.

Plaintiff Mark L. Kilbarger appeals a summary judgment of the Court of Common Pleas of Fairfield County, Ohio, entered in favor of defendant Anchor Hocking Glass Company on Kilbarger's complaint for retaliatory discharge brought under R.C. 4123.90. Appellant assigns two errors:

"I. The trial court committed error in granting the appellee's motion for summary judgment on the basis that the issue of retaliatory discharge had previously been litigated.

"II. An employer may not terminate an employee for fraud and falsification of records based on a jury verdict that the employee is not entitled to participate in the workers' compensation fund in view of O.R.C. 4123.90."

Appellant's statement pursuant to Loc.R. 4(D) alleges the judgment is inappropriate on the undisputed facts of the case.

The second assignment of error does not ascribe error to the trial court, but rather is a proposed statement of law. We will treat Assignments of Error Nos. I and II together for purposes of this opinion.

The parties agree on the following facts. In late June 1991, appellee began its summer shutdown as it normally did. During the three weeks the plant was closed, appellant painted his home, his father's home, and a third home. The plant was reopened on July 15, 1991, and on July 17, 1991, appellant reported to

the company he had injured his shoulder and upper arm while moving a heavy bucket of material. Ordinarily, the buckets are moved by a machine, but in this case the machine had broken and appellant was moving the material by hand. Appellant filed a workers' compensation claim requesting benefits.

Appellee's safety manager learned that appellant's former girlfriend had alleged that the injury actually occurred during the shutdown while appellant was engaged in house painting, rather than at work with Anchor Hocking. Anchor Hocking challenged appellant's claim for workers' compensation and the cause was eventually tried to a jury in Common Pleas Court. At trial, appellant's former girlfriend testified that appellant told her that he had hurt his neck and back painting. She testified he told her he would tell appellee that he had "hurt himself with buckets" so he could received workers' compensation. The jury returned a verdict that appellant was not entitled to workers' compensation benefits, but the jury verdict was not tested with interrogatories.

Appellant had taken vacation time for the workers' compensation trial. When he returned to work, he was placed on a seven-day suspension. Thereafter, appellee terminated appellant for falsification of records with intent to defraud. Appellant eventually brought this action, alleging appellee had wrongfully discharged him in retaliation for filing his workers' compensation claim.

Civ.R. 56(C) states in pertinent part:

"Summary judgment shall be rendered forthwith if the pleading, depositions, answer to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

██ Summary judgment proceedings present an appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court, *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36, 30 OBR 78, 78–79, 506 N.E.2d 212, 215. We must review the facts of the case in the light most favorable to the party who opposes summary judgment, see Civ.R. 56; *Hounshell v. Am. States Ins. Co.* (1981), 67 Ohio St.2d 427, 433, 21 O.O.3d 267, 271, 424 N.E.2d 311. The trial court should not enter a summary judgment if it appears a material fact is in genuine dispute, or, if the facts are undisputed, if

reasonable mind could draw different conclusions from those undisputed facts. *Id.* A trial court may not resolve ambiguities in documents or testimony, *Inland Refuse Transfer Co. v. Browning–Ferris Industries of Ohio, Inc.* (1984), 15 Ohio St.3d 321, 15 OBR 448, 474 N.E.2d 271. Admissions by a party are conclusively established, but not the factual significance of those admissions, *Hounshell, supra.*

Appellee asserts that it did not fire appellant because he filed a workers' compensation claim but, rather, because he filed a workers' compensation claim that was fraudulent.

■ Appellant must come forth with a prima facie case of retaliatory firing. In *Wilson v. Riverside Hosp.* (1985), 18 Ohio St.3d 8, 18 OBR 6, 479 N.E.2d 275, the Supreme Court set forth the standard for claims under R.C. 4123.90: A complaint filed by an employee states a claim for relief for retaliatory discharge when it alleges that the employee was injured on the job, that he filed the claim for workers' compensation, and that he was discharged by the employer in contravention of R.C. 4123.90. R.C. 4123.90 provides that no employer may discharge an employee because the employee filed a claim under the Workers' Compensation Act for an injury occurring in the course of his employment. Thus, Kilbarger must offer proof that he was injured on the job, filed a workers' compensation claim, and was fired because of it. The employer must then come forward to demonstrate a nonretaliatory reason for the firing.

■ Appellee cites the jury verdict that appellant was not eligible to participate in workers' compensation as proof that appellant's claim was fraudulent. Appellee argues that the verdict in the prior case is *res judicata,* or operates as *collateral estoppel,* on the issue of whether he was actually injured on the job. Appellee argues that jurors must have concluded that appellant had falsified company documents wherein he claimed that he was injured on the job. We find the matter is not *res judicata,* nor is appellant estopped by the jury verdict. The elements of the two actions are not the same, nor is the standard of proof the same. Because the jury verdict in the first case was not tested by interrogatories, this court has no basis whatsoever from which to determine precisely why the jury concluded that appellant was not eligible to participate in workers' compensation. At the first trial, appellant was required to prove by a preponderance of the evidence that he was injured on the job. In the case at bar, it will be appellee's burden of proving fraud by clear and convincing evidence. We find that the jury verdict in the former case does not bar this action.

■ The trial court found that appellant had failed to rebut appellee's allegation regarding a nonretaliatory reason for his termination. This is not the standard for summary judgment. In order to successfully resist a motion for

summary judgment, the nonmoving party must produce evidence on any issue for which that party bears the burden of production at trial, *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus, citing *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265. On summary judgment appellant must demonstrate that reasonable minds could reach different conclusions. Appellant must come forward with a prima facie case, but he does not have to rebut appellee's defenses. We find that the trial court impermissibly weighed the evidence when it found that appellant did not rebut the defense.

In addition, the trial court's judgment is contrary to public policy. As appellant points out, he was fired because he did not win his workers' compensation claim. R.C. 4123.90 does not require that the claimant win his workers' compensation claim, but rather, just that he bring a claim for workers' compensation. Upon this record, it has never been judicially established that appellant committed any fraud. Certainly an employee may hesitate to pursue a workers' compensation claim if the claimant knows an unfavorable outcome could cost him his job. R.C. 4123.90 was specifically enacted to prevent this. The trial court's summary judgment, based as it is on an untested general jury verdict, undeniably has a chilling effect upon a worker's pursuit of his statutory benefits.

We find that summary judgment was inappropriate on this record, and we find that reasonable minds could differ regarding whether or not appellant was fired in contravention of R.C. 4123.90.

Both the assignments of error are sustained.

For the foregoing reasons, the judgment of the Court of Common Pleas of Fairfield County is reversed, and the cause is remanded to that court for further proceedings in accord with law.

*Judgment reversed*
*and cause remanded.*

READER and WISE, JJ., concur.