JUSTICE, Admr., et al., Appellants,

v.

STATE FARM INSURANCE COMPANY, Appellee.

[Cite as *Justice v. State Farm Ins. Co.* (2000), 145 Ohio App.3d 359.]

Court of Appeals of Ohio,
Fifth District, Licking County.

No. 2000CA29.

Decided Oct. 18, 2000.

*Janet L. Phillips,* for appellants.

*James R. Gallagher,* for appellee.

Gwin, Presiding Judge.

Plaintiffs James Justice, Administrator of the Estate of Johnny E. Justice, deceased, and Rebecca A. Justice appeal a summary judgment of the Court of Common Pleas of Licking County, Ohio, which held defendant State Farm Insurance Company is liable to plaintiffs for the per-person limits contained in the contract of insurance between decedent and State Farm. Appellants assign two errors to the trial court:

### Assignments of Error

"I.   The trial court erred in granting defendant–appellee's cross-motion for summary judgment based on an inaccurate application of the law as it pertains to the limitations on coverage contained within the uninsured provision of a contract of insurance.

"II.   The trial court erred in granting defendant–appellee's cross-motion for summary judgment based on an inaccurate interpretation of the contract language as it pertains to the coverage available to insureds making claims for damages arising from a wrongful death."

On June 29, 1997, decedent was killed by a motor vehicle driven by an uninsured driver.   State Farm paid the per-person limit of $100,000 to decedent's estate pursuant to a policy of insurance between decedent and State Farm. Thereafter, appellants brought this declaratory judgment action to determine whether the decedent's beneficiaries are entitled to per-accident limit of uninsured motorist coverage under the policy.

Civ.R. 56(C) states:

"Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

██ A trial court should not enter a summary judgment if it appears that a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the nonmoving party, reasonable minds could draw different conclusions from the undisputed facts, *Hounshell v. Am. States Ins. Co.* (1981), 67 Ohio St.2d 427, 433, 21 O.O.3d 267, 424 N.E.2d 311. A trial court may not resolve ambiguities in the evidence presented, *Inland Refuse Transfer Co. v. Browning-Ferris Industries of Ohio, Inc.* (1984), 15 Ohio St.3d 321, 15 OBR 448, 474 N.E.2d 271. A reviewing court reviews a summary judgment by the same standard as a trial court, *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 30 OBR 78, 506 N.E.2d 212.

The parties appear to agree that the facts are not disputed, and the matter may be resolved on issues of law.

██ The contract of insurance between the parties contains the following language under the heading "Limits of Liability":

"The amount of coverage is shown on the declarations page under 'Limits of liability—U—Each Person, Each Accident.' *Under 'Each Person' is the amount of coverage for all damages, including damages for care and loss of services, arising out of and due to bodily injury to one person.* Under 'Each Accident' is the total amount of coverage, subject to the amount shown under 'Each Person' for all such damages arising out of and due to bodily injury to two or more persons in the same accident.

"* * *

"The maximum total amount payable to all insureds under this coverage is the difference between the 'each accident' limits of liability of this coverage and the amount paid to all insureds by or for any person or organization who is or may be held legally liable for the bodily injury." (Emphasis added.)

The trial court found that the provisions cited above limit State Farm's liability to the "per person" amount of coverage if only one person sustains bodily injury, regardless of the number of insureds, or beneficiaries. Appellants argue that R.C. 3937.18 prohibits an insurer from limiting multiple beneficiaries who each have an independent claim for recovery to a single claim.

The latest in a long line of Ohio cases to deal with automotive liability insurance are *Moore v. State Auto. Mut. Ins. Co.* (2000), 88 Ohio St.3d 27, 723 N.E.2d 97; and *Wolfe v. Wolfe* (2000), 88 Ohio St.3d 246, 725 N.E.2d 261. In *Moore*, the Ohio Supreme Court held:

"R.C. 3937.18(A)(1), as amended by Am.Sub. S.B. No. 20, does not permit an insurer to limit uninsured motorist coverage in such a way that an insured must suffer bodily injury, sickness, or disease in order to recover damages from the insurer." Syllabus.

In *Moore*, the decedent was killed in an automobile accident caused by the negligence of an uninsured motorist. The decedent's mother was not involved in the accident and did not sustain any bodily injury from the accident. Decedent's mother was a named insured on a policy of automotive liability insurance issued by State Automobile Mutual Insurance Company ("State Automobile"). The decedent, however, was not a named insured in his mother's policy, was not a resident of her household, and was not occupying a vehicle covered by her policy. Decedent's mother filed an uninsured motorist claim with State Automobile Insurance Company for her damages arising out of the death of her son.

The *Moore* court discussed the evolution of R.C. 3937.18. In *Sexton v. State Farm Mut. Auto. Ins. Co.* (1982), 69 Ohio St.2d 431, 23 O.O.3d 385, 433 N.E.2d 555, the Supreme Court held that an insurance policy's restrictions which attempted to limit coverage to insureds who suffer bodily injury are void because they result in less than the minimum amount of uninsured motorist coverage mandated by the legislature in R.C. 3937.18.

The *Moore* court noted that subsequent to the *Sexton* decision, the General Assembly amended R.C. 3937.18. The Supreme Court in *Moore* examined the present version of R.C. 3937.18, and found that the language of the statute is ambiguous regarding whether an insurer may limit uninsured motorist coverage to accidents in which an insured sustained bodily injury. The Supreme Court construed the language to determine legislative intent, and found that the amendments to R.C. 3937.18 do not supersede *Sexton*. The Supreme Court concluded that State Automobile could not deny decedent's mother's claim because she did not sustain bodily injury. To hold otherwise, the *Moore* court found that the parent of a wrongful death victim, who has a statutory right to compensation pursuant to R.C. 2125.02, would not be compensated for damages even though the parent had purchased uninsured motorist coverage.

The purpose of insured motorist coverage is to protect persons from losses which, because of the tortfeasor's lack of liability coverage, would otherwise go uncompensated, *Moore* at 31, 723 N.E.2d 97, citations deleted. To interpret R.C. 3937.18 to require that the insureds suffer bodily injury would therefore thwart the underlying purpose of an insured motorist insurance. *Id.*

■ Appellants ask this court to follow the reasoning of *Moore* and to find that R.C. 3937.18 also prohibits an insurer from contractually consolidating all the beneficiaries' claims if they arise out of bodily injury to a single person. Appellants urge that Ohio law requires each insured's damages to be computed separately, limited only by the "each accident" limit of liability for the under insured motorist coverage.

In *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809, the Ohio Supreme Court held that each person who is presumed to have been damaged as a result of a wrongful death may collect from a tortfeasor's liability policy to the per-person limits, subject only to the per-accident limit. The Supreme Court found that a provision which purports to consolidate wrongful death damages suffered by more than one individual into one "each person" policy limit is unenforceable under the law in effect at the time. In response to *Savoie* as well as to *Sexton*, the General Assembly amended R.C. 3937.18. The amended statute includes language which authorizes insurers to include policy language restricting wrongful death claims to a single per-person limit.

R.C. 3937.18(H) states:

"Any automobile liability or motor vehicle liability policy of insurance that includes coverages offered under division (A) of this section and that provides a limit of coverage for payment for damages for bodily injury, including death, sustained by any one person in any one automobile accident, may, notwithstanding Chapter 2125 of the Revised Code, include terms and conditions to the effect that all claims resulting from or arising out of any one person's bodily injury, including death, shall collectively be subject to the limit of the policy applicable to bodily injury, including death, sustained by one person, and, for the purpose of such policy limit shall constitute a single claim. Any such policy limit shall be enforceable regardless of the number of insureds, claims made, vehicles or premiums shown in the declarations or policy, or vehicles involved in the accident."

Appellants urge that the reasoning in *Moore* requires us to find that the purpose of uninsured motorist coverage would not be served by permitting an insurer to a single per-person limit where there is more than one claimant.

We do not agree with appellant that permitting an insurer to consolidate all the claims arising out of a single bodily injury or death under a single "per person"

limit defeats the underlying purpose of uninsured motorist insurance, which is to protect persons entitled to recover damages from uninsured motorists. Here, State Farm has acknowledged and paid appellants' claims under the each-person limit. This is not an issue of whether appellants may recover, but rather in what amount.

Appellee points to a number of appellate cases that have found that all claims arising from a single bodily injury must be considered as a single claim for insurance purposes and are subject to a single "each-person" limit. These cases admittedly pre-date *Moore*. In *Plott v. Colonial Ins. Co.* (1998), 126 Ohio App.3d 416, 710 N.E.2d 740, this court found that an insurance company may properly apply by a single limit of uninsured motorist coverage in the case of a single bodily injury or death.

We find that R.C. 3937.18 mandates provision of uninsured motorist coverage, and, that pursuant to *Moore, supra*, the insurance coverage may not be limited in such a way that the insured must suffer bodily injury in order to be compensated for his or her damages. However, we find that Ohio law permits an insurer to consolidate all the claims which arise out of a single death into a single claim under the single limits, if the policy language is clear and unambiguous. Each insured is still entitled to compensation for his or her damages arising out of decedent's death. Thus, we find that the overriding legislative intent enacting R.C. 3937.18 is not thwarted.

We find that the trial court did not err in holding that State Farm had already paid the limits of its liability for the per-person amount, and appellants could not recover further under the policy.

Both of appellants' assignments of error are overruled.

For the foregoing reasons, the judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

WILLIAM B. HOFFMAN and EDWARDS, JJ., concur.