OPINION
Appellant, Jasvir Singh Sahota ("Sahota"), appeals from a final judgment of the Geauga County Court of Common Pleas entered in favor of appellees, Inder Jeet Sharma and Satish Sharma.
On June 21, 1995, a promissory note was drafted by Foreign Trading Company, maker, and executed on its behalf by Hardial Singh Sahota, as maker, and Inder Jeet Sharma, as holder. On June 30, 1995, an identical promissory note was executed by Hardial Singh Sahota, individually, and Inder Jeet Sharma. Appellees contend that, pursuant to the agreement, the money was to be deposited in Huntington National Bank as a performance bond which would enable Hardial Singh Sahota to enter into a contract to export 50,000 metric tons of fertilizer to National Fertilizers Limited. According to the contractual terms of the agreement contained in the promissory notes, Inder Jeet Sharma was to be repaid the full amount, $75,000, plus 10 percent simple interest, and a profit of sixty cents per ton of fertilizer sold. However, if the export deal did not proceed, appellees would be repaid the full amount of the loan plus interest, within ninety days. Although there were two notes, only one $75,000 loan was intended and made.
On July 1, 1995, Inder Jeet Sharma wrote a personal check, which was drawn on the checking account of Inder J. Sharma and Satish Sharma, to Hardial Singh Sahota in the amount of $75,000. Hardial Singh Sahota endorsed the check and deposited it in the bank. However, when the fertilizer sale did not occur, Hardial Singh Sahota failed to repay appellees the full amount of the loan plus any accrued interest.
On March 25, 1997, appellees filed suit against appellant and several other defendants, alleging breach of contract and fraud. The complaint was amended to include claims of unjust enrichment, fraudulent conveyance, and conspiracy to defraud. A default judgment was entered, on April 4, 1998, against defendants Express Travel, f.k.a. Hurry World Travels, Inc., and Foreign Trading Corporation, jointly, in the amount of $75,000, plus ten percent interest. Defendants Tarlok Singh, Surinder Kaur, and Indo-American Foods were dismissed upon settlement. Hardial Singh Sahota filed a petition for protection, under Chapter 13 of the U.S. Bankruptcy Code, thereby invoking an automatic stay. The trial subsequently proceeded solely against appellant.
On February 3, 2000, the Sahotas faxed their attorney, Richard H. Drucker ("Drucker"), informing him that they no longer wished to be represented by him in this case. On February 4, 2000, Drucker filed a motion to withdraw as counsel. Appellant did not file a written motion to continue and did not obtain counsel for either the hearing or trial scheduled for February 7, 2000.
A hearing on Drucker's motion to withdraw as counsel was held immediately before the trial against Jasvir Singh Sahota commenced.[1]
At the hearing, Drucker testified that in July 1999, appellant informed him that she no longer wished to be represented by him and took her case file. However, after the file was taken, he continued to represent the Sahotas and entered negotiations to settle the case. During this time, he repeatedly told the Sahotas that he did not wish to continue representing them because they had taken their case file, refused to pay him, and had withdrawn a $15,000 settlement deposit from his trust account. He indicated that the Sahotas were attempting to find new counsel because four attorneys had contacted him regarding their representation.
The court granted Drucker's motion to withdraw as counsel. Appellant immediately requested a continuance to obtain new counsel. The court denied her oral motion for a continuance and proceeded with the trial during which appellant acted pro se. At the conclusion of the trial, the court instructed the jury that they could award damages based on contract and/or fraud. The jury found in favor of appellees and awarded $105,000 in compensatory damages, $115,000 in punitive damages, and $23,868.82 in attorney fees. From this judgment, appellant assigns the following errors:
 "[1.] The trial court erred to the prejudice of the appellant by proceeding with trial after granting Attorney Richard Drucker's motion to withdraw as counsel.
 "[2.] The trial court erred in holding that appellant was a party to the agreement between appellees and Hardial Singh Sahota as any evidence as to any additional terms of the contract were inadmissible under the parol evidence rule.
 "[3.] The trial court erred in finding fraud when there was no justifiable reliance was made on any representations by appellant."
 In her first assignment of error, appellant contends that the trial court abused its discretion by denying her first request for a continuance, and that it was clearly unfair for her to proceed to trial without the benefit of counsel. In turn, appellees argue that when a request for continuance is a delaying tactic, or otherwise unreasonable, the court may deny such a request. In re Zhang (1999), 135 Ohio App.3d 350, 355.
The decision whether to grant or deny a continuance rests in the sound discretion of the trial court. State v. Unger (1981), 67 Ohio St.2d 65. An abuse of discretion requires a finding that the trial court's decision was unreasonable, arbitrary or unconscionable, and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
In Unger, the Supreme Court of Ohio enumerated an objective test which "balances the court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice against any potential prejudice to the defendant * * *" to determine whether a motion for continuance should be granted. In re Kriest (Aug. 6, 1999), Trumbull App. No. 98-T-0093, unreported, 1999 WL 607379, at 3, citingUnger at 67. The factors a court should consider include:
 "* * * the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case." Unger at 67-68.
 A review of the record reveals that appellant's only motion for a continuance of the trial was made orally on the day of the jury trial and outside the presence of the jury. Appellant's request was for a legitimate reason of obtaining new counsel. However, appellant's failure to request a continuance when she fired her attorney, and her failure to obtain new counsel for both the hearing and the trial, contributed to the circumstances giving rise to her need for a continuance. Thus, we conclude that the inconvenience to the litigants, witnesses, opposing counsel and the court that would be caused by granting a motion to continue is outweighed by the prejudice caused to appellant. Appellant's first assignment of error lacks merit.
In her second assignment of error, appellant argues that the introduction of terms not included in the promissory notes is inadmissible under the parol evidence rule, and that it was plain error to allow testimony of appellant's involvement in the contract. Appellees argue that the parol evidence rule is applicable because the notes do not contain the total agreement, and they were fraudulently induced to enter into the contract. Essentially, appellees contend that appellant induced them to enter into the contract by assuring them that they owned two houses and three successful businesses.
While appellees were aware that the Sahotas' resources were marital, they never asked appellant to sign the promissory notes. Additionally, there is no allegation that appellant personally agreed to promise to pay appellees from her own resources if her husband was unable to pay his debt. "Affirmative defenses other that [sic] those listed in Civ.R. 12(B) are waived if not raised in the pleadings or in an amendment to the pleadings. Civ.R. 8; Civ.R. 15." Jim's Steak House, Inc. v. Cleveland
(1998), 81 Ohio St.3d 18, 20. The statute of frauds is an affirmative defense. Civ.R. 8(C). Appellant failed to raise this defense in any pleading or at trial; therefore, the defense is deemed waived on appeal.Blevins v. Sorrell (1990), 68 Ohio App.3d 665, 671-672.
Nonetheless, we conclude that appellees failed to meet their burden of proof on their breach of contract claim. The terms of the written contract are clear and unambiguous; thus, the parol evidence rule is inapplicable, except as to the issue of fraud. Drew v. ChristopherConstr. Co., Inc. (1942), 140 Ohio St. 1, paragraph two of the syllabus. Fraud was asserted as a tort, not a contract claim. Appellant was not shown to be a party to the contract.
In addition, appellant is not personally liable on the contract based on agency. Generally, an agent is not personally liable on contracts made for a disclosed principle, absent an express agreement to the contrary.Vascular Surgery of Northwest Ohio, Inc. v. Jacobs (Mar. 13, 1987), Lucas App. No. L-87-197, unreported, 1987 WL 7781. An agency relationship is not presumed between husband and wife simply based upon their marital relationship. However, agency may be created by an express grant of authority, implication, or agency by estoppel. McSweeney v. Jackson
(1996), 117 Ohio App.3d 623, 631. In this case, Hardial Singh Sahota was a disclosed principle, and the record is devoid of a contradictory express agreement. Thus, even if appellant were acting as his agent, she was not personally liable on the contract.
Therefore, we conclude that while appellees assert various equitable reasons for allowing recovery, they failed to prove that appellant was either directly liable on the contract or that there was equitable contractual liability. Appellant's second assignment of error has merit.
In appellant's third assignment of error, she argues that that the trial court erred in finding fraud. Specifically, she maintains that there was no evidence showing that appellees justifiably relied upon any representations made by her.
Despite not being a party to the contract, appellant can be liable for fraudulent inducement. The elements of fraud are: (1) a material false representation or concealment of fact; (2) made falsely or knowing of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; (3) with the intent of misleading another into relying upon it; (4) justifiable reliance upon the representation or concealment by the party claiming injury; and (5) injury resulting from the representation or concealment. Burr v. StarkCty. Bd. of Commrs. (1986), 23 Ohio St.3d 69, paragraph two of the syllabus. "Fraud must be proved by clear and convincing evidence."Sines Sons, Inc. v. Shell Oil Co. (Sept. 18, 1998), Geauga App. No. 96-G-2042, unreported, 1998 WL 683936, at 5, citing Kilbarger v. AnchorHocking Glass Co. (1995), 107 Ohio App.3d 763, 767.
Appellees' vague assertions that appellant's assurances of financial stability induced them to enter into this agreement do not support a finding of fraud by clear and convincing evidence. In fact, Inder Jeet Sharma testified that appellant told them prior to signing the note that "their money is tied up and they are falling short [on] this one." Additionally, Satish Sharma testified that they did not investigate the Sahotas' financial stability because they were family friends whom they trusted and because they were "not doing business with them." These statements do not indicate reliance on the existence of specific assets.
Despite appellant's acknowledged statements that their money was all tied up, appellees made a $75,000 loan without running a credit check, reviewing property deeds, or determining whether any judgments were pending against the Sahotas' businesses. Liens, mortgages, and judgments are a matter of public record and could easily have been reviewed prior to entering into this agreement. The parties were not ignorant, uneducated people. In fact, these are people who should have known better. Arguably, appellees may have proven fraud by a preponderance of the evidence; however, they have not demonstrated fraud by clear and convincing evidence as a matter of law. Hence, appellant's third assignment of error has merit.
Based on the foregoing analysis, the judgment of the trial court is reversed and judgment is entered in favor of appellant, Jasvir Singh Sahota.
JUDGE JUDITH A. CHRISTLEY
O'NEILL, P.J., concurs in judgment only, NADER, J., dissents with Dissenting Opinion.
[1] As we noted earlier, prior to trial, Hardial Singh Sahota filed for bankruptcy, and a stay was issued. Thus, the trial proceeded only against Jasvir Singh Sahota. Hardial Singh Sahota was subpoenaed by appellee, but failed to appear.