OPINION
{¶ 1} Defendant-appellant, Romane Rickels (hereinafter "Romane"), appeals the judgment of the Paulding County Court of Common Pleas, Probate Division, granting summary judgment to the defendant-appellee, Ilene Fickel (hereinafter "Ilene"), and plaintiff-appellees, John Rickels, Sr. (hereinafter "John") *Page 3 
and Donald D. Rickels (hereinafter "Donald").[1] For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} On October 20, 2002, Minnie Rickels died. On January 20, 2004, a complaint for declaratory judgment was filed in the trial court seeking to invalidate a deed executed July 23, 2000, and recorded on August 30, 2000, which purported to convey 300 acres to Romane on the death of Minnie.
 {¶ 3} On February 1, 2007, Ilene filed a motion for summary judgment. John and Donald, plaintiffs, joined in Ilene's motion. Romane filed a memorandum in opposition to the motion for summary judgment. On August 22, 2007, the trial court made findings of fact and conclusions of law, and granted the motion for summary judgment.
 {¶ 4} Romane filed a motion for leave to appeal, which this court granted on September 27, 2007.[2] It is from the trial court's judgment that Romane appeals and asserts five assignments of error for our review. For clarity of analysis, we have combined Romane's first and second assignments of error.
 ASSIGNMENT OF ERROR NO. I Probate Court erred (Judg. Entry 8-22-07) in granting Plaintiff's `Motion for Summary Judgment' when a Trial Court may not resolve AMBIGUITIES-in-Documents on a `Motion for Summary Judgment' per Case Law Decisions in 669 N.E. 508 797N.E.1002 for Minnie Rickels' July 23, 2000 *Page 4 `Hereditamentary-Memorandum' which was NOT a T.O.D. Deed for retroactiveness. (RCD. Ref: 2-7-07 `Memo.-in-Oppstn. Pg. 2, 8, 10, 11, 22; Apdx. pg. 2.)
 ASSIGNMENT OF ERROR NO. II Probate Court erred (Judg. Entry 8-22-07) in granting Plaintiff's `Motion for Summary Judgment' when a genuine and triable issue of Matl-Fact exists that Minnie Rickels, on July 23, 2000, signed a `Hereditamentary-Memorandum' for a future-activation date of Aug. 29, 2000 so as-to-make-an-enfroce-able-contract under Statute of Frauds, R.C. 1335.05. (Apdx.pg.2; RCD. Ref: 3-7-07 `Memo.-in-Oppstn.; Pg. 5-8, 11, 14, 16, 22, 39, 43 44.)
 {¶ 5} We interpret Romane's first and second assignments of error as arguing the trial court erred when it granted the motion for summary judgment because a trial court may not resolve ambiguities in a document on a motion for summary judgment. Further, Romane argues that Minnie Rickels did not sign a transfer on death deed, but rather, a "hereditamentary-memorandum" for future activation on August 29, 2000, and Romane points to the Statute of Frauds for support.
 {¶ 6} Ilene counters by arguing that the trial court did not resolve ambiguities in the instrument, and the court correctly determined that there were no genuine issues of material fact as to the nature of the instrument signed by Minnie.
 {¶ 7} John and Donald Rickels argue that Romane was found to be a vexatious litigator under R.C. 2323.52(A)(2)(a) and (b) and requests that this court *Page 5 
summarily dismiss Romane's appeal. We disagree with John and Donald's argument.
 {¶ 8} Romane filed a request for leave to appeal with this court, which we subsequently granted. (Application for leave to appeal, 9/6/07; JE, 9/27/07); R.C. 2323.52(D)(3); R.C. 2323.52(F)(2). Consequently, we will not summarily dismiss Romane's appeal, but rather, address the assignments of error on the merits.
 {¶ 9} This court reviews a trial court's decision to grant summary judgment de novo. Doe v. Shaffer (2000), 90 Ohio St.3d 388, 390,738 N.E.2d 1243, citations omitted Summary judgment is proper where there is no genuine issue of any material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can reach but one conclusion when viewing the evidence in favor of the non-moving party, and the conclusion is adverse to the non-moving party. Civ. R. 56(C);State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn. (1994),69 Ohio St.3d 217, 219, 631 N.E.2d 150, citations omitted.
 {¶ 10} "A trial court may not resolve ambiguities in the evidence presented on a motion for summary judgment." Ohio Jurisprudence 3d Summary Judgment and Judgment on the Pleadings § 26, citing Justice v.State Farm Ins. Co. (2000), 145 Ohio App.3d 359, 763 N.E.2d 186, andKilbarger v. Anchor Hocking Glass Co. (1995), 107 Ohio App.3d 763,669 N.E.2d 508. *Page 6 
 {¶ 11} Romane is correct that trial courts cannot interpret ambiguities on summary judgment motions. However, we have reviewed the document and have found nothing ambiguous about the document.
 {¶ 12} The document that Romane refers to as a "heredimentary memorandum" is entitled a "GENERAL WARRANTY DEED TRANSFER ON DEATH (O.R.C. Section 5102.22)". The document provides: "MINNIE M. RICKELS (a.k.a. Minnie Rickels) (not married), for valuable consideration paid, grant(s), with general warranty covenants to MINNIE M. RICKELS, Transfer on Death, to ROMANE J. RICKELS * * *."
 {¶ 13} The document is clearly labeled as a transfer on death deed. In addition, the language provided in the document also indicates a transfer on death deed. Consequently, we find that the document is clearly a transfer on death deed.
 {¶ 14} R.C. 5302.02 provides:
 The rules and definitions contained in sections * * *, and 5302.22 of the Revised Code apply to all deeds or other instruments relating to real estate, whether the statutory forms or other forms are used, where the instruments are executed on or after October 1, 1965, or, in relation to the rules and definitions contained in section 5302.22 of the Revised Code, on or after the effective date of this amendment.
Emphasis added.
 {¶ 15} As a result, a transfer on death deed was valid only if executed on or after the effective date of the statute. The statute authorizing transfer on death *Page 7 
deeds, R.C. 5302.22, was not effective until August 29, 2000.[3]
However, the transfer on death deed in this case was executed on July 23, 2000, and recorded on August 30, 2000. Thus, the transfer on death deed was executed prior to the effective date of the statute, but was recorded after the statute's effective date. Since the transfer on death deed was executed prior to the effective date of the statute, it is not valid. See R.C. 5302.02. Moreover, since the deed is not valid, the document did not transfer any interest in the real estate. Thus, the property belonged to Minnie's estate.
 {¶ 16} The complaint was for a declaratory judgment requesting that the court find the real estate belonged to Minnie's estate. Since the document in question did not transfer any interest in the real estate and the property belonged to Minnie's estate, the trial court properly granted the summary judgment motion.
 {¶ 17} Romane's first and second assignments of error are, therefore, overruled.
 ASSIGNMENT OF ERROR NO. III Probate Court erred (Judg. Entry 12-20-04 (pgs 34)) in stating; `Motion Per Rule 41 Dismissal of Action (B)(4)(a),' is; "NOT WELL TAKEN" when Plaintiff has CONCL.-ESTAB.-ADMISS. For a one (1) word-reply "DENIED" to two (2) multi-Fact Admissions that; 1. "The Complaint's accusations are NOT TRUE" and 2. "The three (3) Plaintiffs fabricated the Complaint's accusations". (RCD. Ref: 10-19-04 "Mot. Rule 41 *Page 8 (B)(4)(a)' pg. 2, 3, 6, 7 8; RCD-Filed for Evidence 11-16-04, pg. 47 of 48; Apdx. pg. 10 11.)
 {¶ 18} We interpret Romane's third assignment of error as arguing that John Rickels Sr.'s one word denial to the multi-fact admission results in the conclusive establishment that 1.) the complaint's accusations are not true, and 2.) that the plaintiffs fabricated the complaint's accusations. Further, Romane argues that a one-word denial to a multi-fact admission results in the admission of facts and dismissal of the complaint under Civil Rule 41(B)(4)(a).
 {¶ 19} Civ. R. 36(A), requests for admissions states in pertinent part:
 * * * The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service thereof or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney. If objection is made the reasons therefore shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his or her answer, or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder.* * *
 {¶ 20} Additionally, "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Civ. R. 36(B). *Page 9 
 {¶ 21} If an answer to a request for admission is "in the form of a denial, it shall be specific and meet the substance of the requested admission. A general denial is not sufficient and results in an admission." St. Paul Fire Marine Ins. Co. v. Battle (1975),44 Ohio App.2d 261, 269, 337 N.E.2d 806.
 {¶ 22} In Maryland Casualty Ins. Co. v. Haffey, Jr., et al. (Dec. 24, 1980), 8th Dist. No. 42254, at *2, the court found that the defendant was "asked to admit simplistically stated questions" and that the defendant's answer of "denied" was a "sufficiently specific response."
 {¶ 23} In this case, Romane alleges the following admissions and responses:
 Admission #1: Isn't it true, John Rickels Sr. that the accusations of your Complaint for Declaratory Judgment filed Jan. 20, 2004 are not true?
 John Rickels Sr.' answer: Denied.
 Admission #2: Isnt it true, John Rickels Sr., that you and Donald Rickels and Paul Rickels fabricated the accusations of your Complaint for Declaratory Judgment filed Jan.20, 2004?"
 John Rickels Sr.' answer: Denied.
(Romane's brief, 8).
 {¶ 24} Even if the requested admissions and responses to those requested admission are as stated in Romane's brief, those requested admissions were simplistically stated and were not multi-fact admissions. Although John's *Page 10 
response, according to Romane's brief, was a simple one-word denial, that response met the substance of the requested admission and constituted a "sufficiently specific response." Maryland Casualty Ins.Co. (Dec.24, 1980), 8th Dist. No. 42254, at *2. Accordingly, John's denial to the requests for admissions did not constitute a conclusively established admission.
 {¶ 25} Moreover, since we find that the facts were not conclusively established, we need not address Romane's argument regarding the dismissal of the complaint.
 {¶ 26} Therefore, Romane's third assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. IV Probate Court erred (Judg. Entry 3-17-05) in stating; `Motion Per Rule 12(H)(3) for Dismissal of Complaint Due to Intentional Waivering of Legal Right of Litigation' is "NOT WELL TAKEN" as BOTH Plaintiff John Rickels Sr. his Advocate SIGNED a Document stating their Complaint does NOT have specific claims (Document sufficient for Case-dismissal) and with CONCL.-EST-ADMIS for a one (1) word-reply "DENIED" to two (2) multi-Fact Admissions. (Apdx. pg. 12; RCD. Ref: 3-17-05 `Mot. Rule 12(H)(3) Waiver Leg. Right of Litigation' pg. 9, 12, 13, 17 — 24; RCD-Filed for Evidence 11-16-04, pg. 18 21 of 48; RCD-Filed for Evidence 11-16-04, pg. 47 of 48)
 {¶ 27} We interpret Romane's fourth assignment of error to argue that John and his counsel signed admissions stating that their complaint did not have specific claims, and thus, the trial court erred in denying his motion for dismissal of the complaint. *Page 11 
 {¶ 28} In this assignment of error, Romane argues, in his brief, regarding the following requests for the production of documents and subsequent responses:
REQUEST FOR PRODUCTION OF DOCUMENTS #1
 Produce all documents that support your Complaint's Claim of Romane Rickels and an unauthorized-practice-of-law.
 Objection: The Complaint herein is not against Romane Rickels for the unauthorized practice of law.
 REQUEST FOR PRODUCTION OF DOCUMENTS #2
 Produce all documents that support your complaint's Claim of Romane Rickels excluded Decedent Minnie Rickels from any and all contact with other family members.
 Objection: There is no such claim pending in the complaint herein.
(Romane's brief at 10)
 {¶ 29} Even if the aforementioned requests and responses were as stated in Romane's brief, the responses merely state that there was no claims pending in the complaint for unauthorized practice of law against Romane, or due to Romane allegedly excluding Minnie from any and all contact with her family. Those responses do not establish that the complaint should be dismissed because the complaint involved a claim for declaratory judgment regarding whether Minnie owned certain property at the time of death. *Page 12 
 {¶ 30} Accordingly, Romane's fourth assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. V Probate Court erred (Judg. Entrys 11-16 11-17-05) in stating; `Mot. Rule 17 Parties Plaintiff,… Dismiss Co-Conspirators Plaintiffs… … w/CONCL.-ESTAB.-ADMISS… Lack of Legal Competency' is "NOT WELL TAKEN" when Plaintiff has Admissions of; 1. "The Complaint's accusations are NOT TRUE" and 2. "The three (3) Plaintiffs fabricated the accusations." (RCD REF: 11-15-05 `Mot. Rule 17 ABD. Real-Party-In-Interest' pg. 2, 3, 3(A), 8-12, 16, 16A, 17 18.; RCD. Ref: 11-17-05 `Mot. Rule 17… Co-Consptrs… ' Pg. 9-14, 16-21; Apdx. pg. 1314).
 {¶ 31} Finally, we interpret Romane's fifth assignment of error as arguing that the plaintiffs conclusively established admission that they are co-conspirators and that the accusations of the complaint are not true are sufficient for complaint dismissal under Civ. R. 17. Romane argues that the plaintiffs have abandoned being real parties in interest.
 {¶ 32} Civ. R. 17 provides in pertinent part: "[e]very action shall be prosecuted in the name of the real party in interest."
 {¶ 33} This court, in addressing Romane's other assignments of error, has previously determined that Romane has not shown that there was a conclusively established admission in this case. Correspondingly, we find that the plaintiffs have not abandoned being real parties in interest due to any alleged conclusively established admissions. The plaintiffs in this case all have a potential interest in Minnie's estate, and thus, are all parties in interest. *Page 13 
 {¶ 34} Romane's fifth assignment of error is overruled.
 {¶ 35} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 WILLAMOWSKI and ROGERS, J.J., concur.
[1] The other parties involved in the litigation are not parties to this appeal.
[2] Romane had previously been found to be a vexatious litigator.Goyings v. Rickels, 111 Ohio St.3d 1493, 2006-Ohio-6171,857 N.E.2d 1230.
[3] The statute authorizing transfer on death deeds has subsequently been amended by 2001 H 279, eff. 2-1-02 and 2002 H 470, eff. 2-1-02. However, the applicable version of the statute in this case is 2000 H 313 which was effective 8-29-00. *Page 1