OPINION
{¶ 1} The following is an accelerated calendar appeal submitted on the briefs of the parties. Appellant, Glenn M. Prox, appeals from a judgment entry of the Trumbull County Court of Common Pleas, granting summary judgment in favor of appellee, Cleveland Steel Container Corp. ("Cleveland Steel"). For the reasons that follow, we affirm.
 {¶ 2} By way of background, appellant was employed by Cleveland Steel, which is located in Niles, Ohio. Appellant held a managerial position at Cleveland Steel, supervising the pail construction division. In this position, appellant supervised twenty to twenty-five workers on a daily basis and was responsible for planning their work schedule.
 {¶ 3} On October 31, 2001, appellant injured his shoulder while working at Cleveland Steel. Appellant was unable to work until January 14, 2002. When appellant returned to work, his work hours were restricted to less than eight per day. Subsequently, this restriction was modified to a maximum of eight work hours per day.
 {¶ 4} On December 17, 2002, appellant filed an application for workers' compensation, requesting permanent partial disability. On January 3, 2003, appellant's employment at Cleveland Steel was terminated.
 {¶ 5} Thereafter, appellant filed a complaint with the Trumbull County Court of Common Pleas. The complaint stated a claim of retaliatory discharge, based upon appellant's application for workers' compensation, in violation of R.C.4123.90. Appellant's complaint also issued a claim for wrongful discharge in violation of Ohio Public Policy. The complaint requested damages in excess of $25,000.
 {¶ 6} After a timely answer, Cleveland Steel moved for summary judgment. The motion for summary judgment contended that appellant's discharge was not predicated upon his compensation claim; rather, the decision to terminate appellant's employment was made prior to his workers' compensation claim and was due to poor work performance.
 {¶ 7} In support of these contentions, appellee cited to the deposition testimony of John Herrick ("Mr. Herrick"), President of Cleveland Steel; George Hardick ("Mr. Hardick"), former General Manager of the Niles' Cleveland Steel plant; Dennis Puening ("Mr. Puening"), Cleveland Steel's Vice President of Finance and Administration; and appellant. Moreover, various documents establishing appellant's work performance were attached to the motion for summary judgment.
 {¶ 8} The deposition testimony of Mr. Herrick demonstrated that in May 2002, an employee was injured at the Cleveland Steel plant in Niles. As a result of this injury, Mr. Herrick instructed appellant to organize small group meetings to gather information regarding employee dissatisfaction. Notes taken during these meetings established that the employees were not satisfied with appellant's scheduling of work hours and his ability to communicate.
 {¶ 9} Appellant's testimony established that although he did not attend the small group meetings, he was informed of the employees' discontent with his management skills. In July 2002, Mr. Hardick conducted a plant-wide meeting to discuss the problems addressed during the small group meetings. Mr. Herrick and Mr. Puening attended the plant-wide meeting. Mr. Herrick delivered a speech promising changes and more attention to employee input and work schedules.
 {¶ 10} In September 2002, Mr. Herrick testified that he visited the Cleveland Steel plant in Niles. He stated that the issues discussed during the meetings had not been addressed by management. Specifically, Mr. Herrick testified that Mr. Hardick and appellant had failed to resolve the work schedule problems. Following his visit, Mr. Herrick determined that the management team, including Mr. Hardick and appellant, needed to be replaced. Thus, in September 2002, Mr. Herrick decided to discharge Mr. Hardick and appellant.
 {¶ 11} Mr. Herrick testified that in October 2002, Mr. Hardick was given the opportunity to volunteer his resignation and retire. He further stated that while the decision to discharge appellant occurred in September 2002, appellant was not discharged until January 3, 2003, thereby allowing appellant to receive year-end benefits and a 401(K) contribution.
 {¶ 12} The day after his discharge appellant filed a claim for temporary total disability benefits. Cleveland Steel did not contest this request, and appellant received these benefits for one and a half years, until he found new employment. Also, Mr. Herrick testified that additional members of the management team at the Cleveland Steel plant in Niles were discharged following appellant's discharge.
 {¶ 13} Appellant's brief in opposition argued that there was a genuine issue of material fact regarding whether his discharge was in retaliation of his December 17, 2002 claim for permanent partial disability. Specifically, he argued that there were credibility issues relating to the deposition testimony of Mr. Herrick and Mr. Puening. Appellant concluded that the evidence presented was sufficient to establish that Cleveland Steel's justification for his discharge was pretextual, and the actual reason for the discharge was his workers' compensation claim.
 {¶ 14} After reviewing the parties' submissions, the trial court entered summary judgment in favor of Cleveland Steel on all claims. From this judgment, appellant filed a timely notice of appeal and now sets forth the following assignment of error:
 {¶ 15} "The trial court committed prejudicial error by sustaining Appellee Cleveland Steel Container's motion for summary judgment."
 {¶ 16} At the outset, we note that appellant has failed to provide any contentions or argumentation regarding the court's grant of summary judgment regarding his claim of wrongful discharge in violation of Ohio Public Policy. Because appellant has failed to set forth any contentions with respect to his claim of wrongful discharge, we will forego any analysis regarding the court's grant of summary judgment on such claim. App.R. 12(A)(2); App.R. 16(A)(7). See, e.g., House v. Kirtland Capital Partners,158 Ohio App.3d 68, 2004-Ohio-3688, at ¶ 15.
 {¶ 17} That being said, an appellate court reviews a trial court's decision on a motion for summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. Summary judgment is proper when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come but to one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C); Leibreich v. A.J Refrigeration,Inc., 67 Ohio St.3d 266, 268, 1993-Ohio-12.
 {¶ 18} Material facts are those facts that might affect the outcome of the suit under the governing law of the case. Turnerv. Turner, 67 Ohio St.3d 337, 340, 1993-Ohio-176, citingAnderson v. Liberty Lobby, Inc. (1986), 477 U.S. 242, 248. To determine what constitutes a genuine issue, the court must decide whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law. Turner at 340.
 {¶ 19} The party seeking summary judgment on the ground that the nonmoving party cannot prove its case bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claims. Dresher v. Burt,75 Ohio St.3d 280, 293, 1996-Ohio-107. The moving party must be able to point specifically to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claim.Dresher at 293.
 {¶ 20} If the moving party fails to satisfy this initial burden, summary judgment should be denied. Id. However, if this initial burden is met, the nonmoving party has a reciprocal burden to respond, by affidavit or as otherwise provided in the rule, in an effort to demonstrate that there is a genuine issue of fact suitable for trial. Id.
 {¶ 21} The granting of summary judgment is not merely a case management tool for courts but permanently extinguishes a party's right to a trial upon the merits of their claims. A summary judgment exercise must be carefully considered, and the analysis applied by the trial court during its evaluation of such exercise should be meticulously performed.
 {¶ 22} Appellant's assignment of error contends that summary judgment was not appropriate, as a genuine issue of material fact remained as to his claims of retaliatory discharge in violation of R.C. 4123.90. Specifically, appellant maintains that there were credibility issues relating to the evidence Cleveland Steel relies upon and, therefore, summary judgment is not appropriate.
 {¶ 23} R.C. 4123.90 provides that: "* * * no employer shall discharge, demote, reassign, or take any punitive action against any employee because the employee filed a claim or instituted, pursued or testified in any proceedings under the workers' compensation act for an injury or occupational disease which occurred in the course of and arising out of his employment with that employer * * *."
 {¶ 24} An employee presents a prima facie case for retaliatory discharge under R.C. 4123.90 when he or she demonstrates the following: (1) he or she was injured on the job; (2) a workers' compensation claim had been filed; and (3) he or she was discharged in contravention of R.C. 4123.90. Wilson v.Riverside Hosp. (1985), 18 Ohio St.3d 8, 18.
 {¶ 25} Once an employee raises an inference of a retaliatory discharge, the burden of going forward with evidence shifts to the employer to set forth a legitimate, nonretaliatory reason for the discharge. Green v. Burton Rubber Processing, Inc. (Dec. 11, 1998), 11th Dist. No. 97-G-2102, 1998 Ohio App. LEXIS 5976. "If the employer sets forth a legitimate, nonretaliatory reason for the employee's discharge, the employee must establish that the reason given by the employer is pretextual and that the real reason for the discharge was the employee's protected activity under the Worker's Compensation Act. While the burden of going forward with evidence may shift between the employee and the employer in these types of cases, the employee will always retain the ultimate burden of proof in an action filed under R.C. 4123.90." Id., See, also, King v. E.A. Berg Sons, Inc., 11th Dist. No. 2002-T-0182, 2003-Ohio-6700.
 {¶ 26} The employee may satisfy this burden of proof either through circumstantial evidence or direct evidence. Kent v.Chester Labs, Inc. (2001), 144 Ohio App.3d 587, 592. Factors to be considered when determining whether there was retaliation include punitive actions taken by the employer; the length of time between the claim and discharge; the employer's hostility toward the employee; and whether legitimate reasons exist for the discharge. Id.
 {¶ 27} In the instant case, Cleveland Steel presented abundant evidence of a nonretaliatory reason for appellant's discharge. Namely, Cleveland Steel established that the decision to discharge was made prior to appellant's workers' compensation claim and that this decision was predicated upon appellant's poor work performance. Accordingly, appellant was required to present evidence which would show this nonretaliatory reason was merely a pretext for his discharge.
 {¶ 28} First, appellant contends that deposition testimony reveals that Mr. Hardick was not discharged; rather, he voluntarily retired. Thus, appellant maintains that Mr. Herrick's testimony, which stated the discharge of Mr. Hardick and appellant represented a decision to replace management due to poor work performance, was not credible.
 {¶ 29} Mr. Herrick testified he never expressly informed Mr. Hardick that if he did not voluntarily resign he would be discharged. Mr. Hardick's testimony is corroborative of this point, as he stated that his decision to voluntarily resign was a mutual decision between himself and Cleveland Steel. Mr. Hardick stated that although he could not recollect Mr. Herrick giving him an ultimatum, it was inferred that Mr. Herrick was not satisfied with his management of the Niles plant.
 {¶ 30} Mr. Herrick's testimony verifies that Mr. Hardick was given the opportunity to voluntarily resign and that there were issues regarding management's work performance. Moreover, evidence of Cleveland Steel's discharge of additional management members following appellant's discharge further verifies Cleveland Steel's dissatisfaction with management. Mr. Herrick's testimony fails to establish a pretext for appellant's discharge. Thus, this portion of appellant's assignment of error is not well-taken.
 {¶ 31} Appellant also submitted a written performance evaluation which demonstrated that he met or exceeded upper management's expectations. Appellant contends that this evidence created a genuine issue of material fact as to Cleveland Steel's justification for his discharge.
 {¶ 32} At the outset, we note that the evaluation submitted by appellant predates his discharge by approximately two years. Moreover, although the evaluation states that appellant met or exceeded expectations, this outdated evaluation also foreshadows appellant's work performance problems. In short, the evaluation noted that appellant needed to improve his communication skills with employees.
 {¶ 33} More importantly, this evaluation predates the management performance issues brought to light by the small group meetings. As Mr. Herrick testified, it was appellant's failure to address these issues which resulted in his discharge. Accordingly, the outdated evaluation fails to establish that Cleveland Steel's nonretaliatory reason for appellant's discharge was pretextual. This portion of appellant's assignment of error is not well-taken.
 {¶ 34} Next, appellant cites to evidence of an allegedly hostile statement made by Mr. Hardick, relating to appellant's injury and restricted work hours. Appellant contends Mr. Hardick's hostile statement shows that Cleveland Steel's nonretaliatory justification for his discharge was pretextual.
 {¶ 35} Even assuming that Mr. Hardick made the allegedly hostile statement, it is clear that Mr. Hardick was not part of the decision making process to discharge appellant. Mr. Herrick testified that it was solely his decision to discharge appellant. He further stated that Mr. Hardick had no knowledge or input with respect to this decision. Mr. Hardick corroborated this testimony as he stated that he had no knowledge of appellant's discharge and that he had no input as to Cleveland Steel's decision to discharge appellant.
 {¶ 36} Because Mr. Hardick was not involved with the decision to discharge appellant, his allegedly hostile statement to appellant is irrelevant to the instant case. That is, this statement does not establish that Cleveland Steel's nonretaliatory reason for appellant's discharge was a pretext. Thus, this portion of appellant's assignment of error is not well-taken.
 {¶ 37} Finally, appellant argues that evidence of a letter by Mr. Puening to Cleveland Steel's legal counsel proves that he was discharged in retaliation of his workers' compensation claim. The e-mail stated that Mr. Puening "would like to have the salary separation pay limit [appellant] from collecting Workers Compensation Disability at the same time."
 {¶ 38} This e-mail fails to demonstrate that appellant's discharge was based upon his workers' compensation claim. Rather, it merely establishes that Mr. Puening and legal counsel discussed appellant's workers' compensation claim after the decision to discharge appellant had already been made. Specifically, the context of the e-mail pertained to Cleveland Steel's options for salary separation. The e-mail did not state or imply that Cleveland Steel was attempting to preclude appellant from collecting workers' compensation. Instead, the e-mail merely attempts to limit appellant from collecting salary separation payment and workers' compensation payment simultaneously. This is further established by the fact that Cleveland Steel did not contest appellant's request for temporary total disability benefits following his discharge.
 {¶ 39} Again, this evidence fails to demonstrate that Cleveland Steel's nonretaliatory reason for appellant's discharge was merely a pretext. Therefore, this portion of appellant's assignment of error is also not well-taken.
 {¶ 40} Based upon the foregoing analysis, appellant has failed to present evidence which would establish that Cleveland Steel's nonretaliatory justification for his discharge was pretextual. Thus, appellant's sole assignment of error is without merit. We hereby affirm the judgment of the trial court.
Donald R. Ford, P.J., concurs, William M. O'Neill, J., dissents.