OPINION
{¶ 1} Appellant, Michael Adovasio, appeals from the March 7, 2008 judgment of the Trumbull County Court of Common Pleas, which awarded summary judgment in favor of appellee, Girard Community Committee Inc., finding that Mr. Adovasio failed to establish a prima facie case that he was discharged in retaliation for filing a workers' compensation claim. We affirm. *Page 2 
 {¶ 2} Substantive and Procedural Facts
 {¶ 3} Mr. Adovasio, an at-will employee, was employed by Girard Community as a custodial worker, beginning in October of 2001. Mr. Adovasio filed a complaint in the Trumbull County Court of Common Pleas, alleging that he was terminated on January 23, 2006, in retaliation for a workers' compensation claim he filed in 2003 under a preexisting claim with a previous employer, and was discriminated against because of his long hair and beard.
 {¶ 4} Girard Community filed a motion for summary judgment. It attached the following as evidence of Mr. Adovasio's various acts of insubordination: Mr. Adovasio's deposition, affidavits and letters from his supervisors documenting his poor performance, as well as a letter from his personnel file reprimanding and informing him that his hair and beard presented a safety hazard. Mr. Adovasio attached to his answer brief in opposition an affidavit in which he repeated his allegations, averring that he believed he was terminated in retaliation for filing his workers' compensation claim, and due to discrimination because of his appearance.
 {¶ 5} The court granted summary judgment to Girard Community on March 7, 2008. The trial court found that Mr. Adovasio failed to present any evidence that he was fired in retaliation fifteen months after he filed a workers' compensation claim under a pre-existing claim with a previous employer. Further, the court determined that as a matter of a law, Mr. Adovasio's assertion that he was discriminated against because of the length of his hair and beard untenable, as the request to alter same was for safety reasons and R.C. 4112 does not protect employees against discrimination for length of hair. Moreover, the court found that Girard Community carried its burden upon *Page 3 
summary judgment by supplying unrebutted evidence of Mr. Adovasio's insubordination on several occasions, thus providing sufficient non-retaliatory reasons for Mr. Adovasio's termination.
 {¶ 6} Mr. Adovasio timely appealed and raises the following assignment of error:
 {¶ 7} "The trial court erred to the prejudice of plaintiff in it's [sic] holding that there is no evidence to suggest that appellant's termination was retaliatory in anyway and that there was ample evidence showing that the request for plaintiff to trim his hair and beard was for safety reasons and that defendant has supplied enough evidence to prove that plaintiff was insubordinate on several occasions thus providing defendant with non-retaliatory reasons for terminating him."
 {¶ 8} Standard of Review
 {¶ 9} "Summary judgment is appropriate under Civ. R. 56(C) when (1) there is no genuine issue of material fact remaining to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence in favor of the nonmoving party, that conclusion favors the moving party." Karnofel v. Kmart Corp., 11th Dist. Nos. 2007-T-0036 and 2007-T-0064, 2007-Ohio-6939, ¶ 16, citingTemple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 10} "This court reviews de novo a trial court's order granting summary judgment." Id. at ¶ 17, quoting Hudspath v. Cafaro Co., 11th Dist. No. 2004-A-0073, 2005-Ohio-6911, ¶ 8, citing Hapgood v.Conrad, 11th Dist. No. 2000-T-0058, 2002-Ohio-3363, ¶ 13. "A reviewing court will apply the same standard a trial court is required to *Page 4 
apply, which is to determine whether any genuine issues of material fact exist and whether the moving party is entitled to judgment as a matter of law." Id.
 {¶ 11} "Since summary judgment denies the party his or her `day in court' it is not to be viewed lightly as docket control or as a `little trial.' The jurisprudence of summary judgment standards has placed burdens on both the moving and the nonmoving party. In Dresher v.Burt [(1996), 75 Ohio St.3d 280], the Supreme Court of Ohio held that the moving party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record before the trial court that demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. The evidence must be in the record or the motion cannot succeed. The moving party cannot discharge its initial burden under Civ. R. 56 by simply making a conclusory assertion that the nonmoving party has no evidence to prove its case, but must be able to specifically point to some evidence of the type listed in Civ. R. 56(C) that affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. If the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden outlined in the last sentence of Civ. R. 56(E) to set forth specific facts showing there is a genuine issue for trial. If the nonmoving party fails to do so, summary judgment, if appropriate shall be entered against the nonmoving party based on the principles that have been firmly established in Ohio for quite some time in Mitseff v. Wheeler (1988), 38 Ohio St.3d 112." Id. at ¶ 18, quoting Welsh v. Ziccarelli, 11th Dist. No. 2006-L-229,2007-Ohio-4374, ¶ 40. *Page 5 
 {¶ 12} "The court in Dresher went on to say that paragraph three of the syllabus in Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, is too broad and fails to account for the burden Civ. R. 56 places upon on a moving party. The court, therefore, limited paragraph three of the syllabus in Wing to bring it into conformity withMisteff." Id. at ¶ 19, quoting Ziccarelli at ¶ 41.
 {¶ 13} Thus, the Supreme Court of Ohio held that "when neither the moving nor the nonmoving party provides evidentiary materials demonstrating that there are no material facts in dispute, the moving party is not entitled a judgment as a matter of law as the moving party bears the initial responsibility of informing the trial court of the basis for the motion, `and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Id. at ¶ 20, quotingZiccarelli at ¶ 42.
 {¶ 14} Genuine Issue of Material Fact
 {¶ 15} In his sole assignment of error, Mr. Adovasio contends that the trial court erred in awarding summary judgment in favor of Girard Community because he presented sufficient evidence to raise a genuine issue of material fact whether his employment was terminated in retaliation for a workers' compensation claim that he filed under a prior employer's claim number. In addition, Mr. Adovasio argues that he was discriminated against for the length of his hair and beard. For the following reasons, we find these contentions to be without merit.
 {¶ 16} Retaliatory Discharge
 {¶ 17} Pursuant to R.C. 4123.90, "* * * no employer shall discharge, demote, reassign, or take any punitive action against any employee because the employee filed *Page 6 
a claim or instituted, pursued or testified in any proceedings under the workers' compensation act for an injury or occupational disease which occurred in the course of and arising out of his employment with that employer * * *."
 {¶ 18} "An employee presents a prima facie case for retaliatory discharge under R.C. 4123.90 when he or she demonstrates the following: (1) he or she was injured on the job; (2) a workers' compensation claim had been filed; and (3) he or she was discharged in contravention of R.C. 4123.90." Prox v. Cleveland Steel Container Corp., 11th Dist. No. 2005-T-0045, 2006-Ohio-2770, ¶ 24, quoting Wilson v. RiversideHosp. (1985), 18 Ohio St.3d 8.
 {¶ 19} "Once an employee raises an inference of a retaliatory discharge, the burden of going forward with evidence shifts to the employer to set forth legitimate, nonretaliatory reasons for the discharge." Id. at ¶ 25, citing Green v. Burton Rubber Processing,Inc. (Dec. 11, 1998), 11th Dist. No. 97-G-2102, 1998 Ohio App. LEXIS 5976. "`If the employer sets forth a legitimate, nonretaliatory reason for the employee's discharge, the employee must establish that the reason given by the employer is pretextual and that the real reason for the discharge was the employee's protected activity under the Worker's Compensation Act. While the burden of going forward with the evidence may shift between the employee and the employer in these types of cases, the employee will always retain the ultimate burden of proof in an action filed under R.C. 4123.90.'" Id., quoting Green; see, also,King v. E.A. Berg Sons, Inc., 11th Dist. No. 2002-T-0182,2003-Ohio-6700.
 {¶ 20} "The employee may satisfy this burden of proof either through circumstantial evidence or direct evidence." Id. at ¶ 26, citingKent v. Chester Labs, Inc. *Page 7 
(2001), 144 Ohio App.3d 587, 592. "Factors to be considered when determining whether there was retaliation include punitive actions taken by the employer; the length of time between the claim and discharge; the employer's hostility toward the employee; and whether legitimate reasons exist for the discharge." Id.
 {¶ 21} A review of the record reveals that Mr. Adovasio provided no evidence that he was discharged in retaliation for the workers' compensation claim he filed fifteen months before his termination, which he filed with his previous employer under an existing claim. Fundamentally, Girard Community established that the decision to discharge Mr. Adovasio was predicated upon his acts of insubordination during the tenure of his employment. Accordingly, because Mr. Adovasio failed to submit any evidence in support of his belief that his discharge was retaliatory, his assignment of error is without merit.
 {¶ 22} Specifically, the record reveals that Mr. Adovasio began working for Girard Community in October of 2001. His performance became an issue in spring of 2003. On May 23, 2003, Mr. Adovasio received a warning letter regarding the rules of employment, and advised that he was required to fill out his daily activities and duties, and to report daily to the administrative director, Ms. Laura Carey-D'Rummo. Since that notification, he was given repeated verbal warnings due to his failure to follow these requirements. The evidence submitted reflects that Mr. Adovasio repeatedly ignored the instructions of his supervisors. He was also admonished for "helping" the various contractors who were on-site during different time periods of construction and repair.
 {¶ 23} There were also several incidents where Mr. Adovasio left the property during working hours. Most notably, Mr. Adovasio left the property during a Christmas *Page 8 
party in December of 2005, when he was specifically asked to stay on-site. He did not respond to his radio, and was found only after a thirty to forty-five minute search.
 {¶ 24} Mr. Adovasio admits in his deposition that he did not comply with certain instructions because he disagreed with them. He agrees this does not change the fact that he refused to follow them, and that someone else had to fulfill the obligations he was hired to do. In one such incident, Mr. Adovasio was instructed to hang blinds in the office of the program director, Ms. Judith Signoriello. He refused to do so because he believed they would set off the motion alarm in her office. Mrs. Signorelli later installed the blinds herself without a problem. In another incident, he was told that he could not purchase raffle tickets because as an employee of Girard Community his participation in such a raffle represented a conflict of interest. Against those orders, he purchased the tickets, claiming that he needed to support every organization and that he was purchasing them for someone else. Those, and other incidents of his refusal to follow orders, were offered as nonretaliatory reasons for Mr. Adovasio's discharge.
 {¶ 25} In addition, Mr. Adovasio was advised that his physical appearance raised safety concerns after Ms. D'Rummo and another employee observed Mr. Adovasio's long hair and beard hanging closely to a mechanical unit of a commercial refrigerator he was working on. Ms. D'Rummo felt that the length of his hair and beard, as well as the long rags Mr. Adovasio had hanging out of his pockets created a potential safety hazard for both himself and his fellow employees. In addition, the board of directors had received several complaints regarding his appearance. He was instructed on Friday, January 20, 2006, that he was being given paid leave to address these safety concerns that very afternoon. He was given the option to tie-back his hair if he did not want to cut *Page 9 
it. The following Monday he showed up for work with his hair hanging free, and was subsequently terminated.
 {¶ 26} Mr. Adovasio argues that he was injured on the job when his vein collapsed on October 13, 2003. He informed Ms. D'Rummo he would be filing a workers' compensation claim under his previous employer because he already had a claim filed and was receiving partial disability for his phlebitis and other chronic leg conditions. Mr. Adovasio does not argue that this claim was denied, or that he subsequently filed a workers' compensation claim with Girard Community for the injury. Thus, this argument is wholly without merit. Indeed, Mr. Adovasio's performance began to suffer before his injury, as is evidenced by the warning letter of May 23, 2003.
 {¶ 27} Next, Mr. Adovasio argues that he was discriminated against for the length of his hair, and that he was unfairly terminated for not having it pulled back. Mr. Adovasio contends that he lost his hair-tie and that when he checked in with Ms. D'Rummo the Monday morning he was terminated, he was not aware his pony-tail had become undone. He argues that this is discriminatory treatment since his physical appearance has been unchanged for the four years of his employment.
 {¶ 28} Ms. D'Rummo, however, counters that before she observed his beard and hair hanging in a maintenance unit while she was in the kitchen, she did not recognize the safety hazard this presented to Mr. Adovasio. In addition, the board of directors had received complaints regarding his appearance. Quite simply, there is no evidence of discrimination alleged, thus, this argument is without merit.
 {¶ 29} While Mr. Adovasio repeats his allegations in his affidavit that was attached in support of his answer brief in opposition to summary judgment, this does not *Page 10 
change the fact that Mr. Adovasio admitted to many acts of insubordination in his deposition, and has not submitted evidence that establishes a genuine issue of material fact. There is ample evidence in the record that Girard Community had nonretaliatory reasons to discharge Mr. Adovasio for poor work performance and acts of insubordination, which Mr. Adovasio failed to rebut.
 {¶ 30} Mr. Adovasio's assignment of error is without merit.
 {¶ 31} The judgment of the Trumbull County Court of Common Pleas is affirmed.
 DIANE V. GRENDELL, P.J., CYNTHIA WESTCOTT RICE, J., Concur. *Page 1